UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MARGARITA COLLAZO-PORTILLO

    V.

J. D'AVIRRO, ET AL.

PRISONER
CASE NO. 3:06CV2028(PCD)

RULING AND ORDER

The plaintiff, currently an inmate at the Federal Correctional Institution in Danbury, Connecticut, brings this civil action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. She alleges that in December 2004, she injured her left eye when she struck it on a metal part of her cell bunk. Dr. D'Avirro, a physician at Danbury FCI recommended that she undergo surgery. Dr. Reppucci, a surgeon in Danbury, Connecticut, operated on the plaintiff's left eye on December 20, 2004, July 25, 2005, and November 21, 2005, but the surgeries were unsuccessful. The plaintiff cannot see clearly out of her left eye and experiences headaches and pain in that eye. She seeks medical treatment and five million dollars in damages. For the reasons set forth below, this complaint is dismissed.

I. Standard of Review

The plaintiff has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed in forma pauperis in this action. Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the

court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B)(I) - (iii); Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000) (under the Prison Litigation Reform Act, "dismissal for failure to state a claim is mandatory").

In reviewing the complaint, the court "accept[s] as true all factual allegations in the complaint" and draws inferences from these allegations in the light most favorable to the plaintiff. Cruz, 202 F.3d at 596 (citing King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999)). Dismissal of the complaint under 28 U.S.C. 1915(e)(2)(B)(ii), is only appropriate if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. at 597 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim," the court should permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that states a claim upon which relief may be granted. Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999).

II. Discussion

Because the defendants are federal officials, plaintiffs' claims against them are governed by <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). In order to state a claim for relief under <u>Bivens</u>, the plaintiff must demonstrate that the defendants are persons acting under color of federal law and that the defendants violated his or her constitutional rights. <u>See</u> <u>Chin v. Bowen</u>, 833 F.2d 21, 24 (2d Cir.1987) (noting that <u>Bivens</u> claims require federal action analogous to the state action required under 42 U.S.C. § 1983).

The plaintiff's only allegation against Dr. D'Avirro is that he referred the plaintiff for surgery on her left eye after she injured the eye in December 2004. The plaintiff describes Dr. Repucci, as a surgeon, to whom she was referred by Dr. D'Avirro for surgery on her left eye. He allegedly operated on the plaintiff on three occasions at Danbury Hospital, but the surgical procedures did not correct plaintiff's vision problems.

The Eighth Amendment protects inmates from deliberate indifference by prison officials to their serious medical needs. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). A claim by a federal prisoner under <u>Bivens</u> alleging inadequate medical care constituting cruel and unusual punishment under the Eighth Amendment, is evaluated under the standards for "deliberate indifference" set forth in <u>Estelle</u>. <u>See</u> <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 105 (2d Cir. 2000) (construing plaintiff's 42 U.S.C. §

3

1983 claim of deliberate indifference as one arising under <u>Bivens</u> due to plaintiff's status as a federal inmate). To prevail on such a claim, the plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle</u>, 429 U.S. at 106.

The only allegation as to Dr. D'Avirro is that he referred her for surgery to correct the injury to her eye. This allegation does not constitute deliberate indifference to plaintiff's medical needs. Thus, the plaintiff has failed to set forth facts to support a claim under the Eighth Amendment against Dr. D'Avirro.

The plaintiff's claims that the surgical procedures performed by Dr. Reppucci on her left eye were unsuccessful and she cannot see out of that eye. The Eighth Amendment was not meant to redress medical malpractice or negligence claims that can be adequately resolved under state tort law. <u>See</u> <u>Estelle</u>, 429 U.S. at 106 ("A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); <u>Chance v. Armstrong</u>, 143 F.3d 698, 703 (2d. Cir. 1998) ("negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim") (citation omitted). Thus, a

4

claim of misdiagnosis, faulty judgment, or malpractice without more to indicate deliberate indifference, is not cognizable under section 1983 or <u>Bivens</u>.  The plaintiff's claims that Dr. Reppuci performed unsuccessful eye surgeries constitute claims of negligence or medical malpractice.  Absent claims of deliberate indifference to plaintiff's medical needs, the claims against Dr. Reppuci fail to state a claim upon which relief may be granted.  The claims against defendants D'Avirro and Repucci are dismissed as lacking an arguable legal basis.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

To the extent that plaintiff's allegations may be construed as medical malpractice or negligence claims, the complaint does not allege facts sufficient to invoke this court's diversity jurisdiction.  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different states . . . ."  28 U.S.C. § 1332(a).  A person's citizenship for purposes of diversity jurisdiction is his domicile, which is defined as the state in which a person is both present and intends to remain for the indefinite future.  <u>See</u> <u>Mississippi Band of Choctaw Indians v. Holyfield</u>, 490 U.S. 30, 48 (1989).  In determining the domicile of a prisoner, courts have held that the domicile of a prisoner before he or she was imprisoned is presumed to remain

5

his or her domicile while he or she is in prison.  See Sullivan v. Freeman, 944 F.2d 334, 337 (7th Cir. 1991) (citations omitted), cert. denied, 513 U.S. 1060 (1994).  See also Tiuman v. Canant, No. 92 Civ. 5813 (JFK), 1994 WL 471517 (S.D.N.Y. Sept. 1, 1994) (an inmate's domicile prior to incarceration remains his domicile for diversity purposes).  The presumption that a prisoner retains his or her pre-incarceration domicile for purposes of diversity, however, is rebuttable.

The plaintiff does not provide any information as to her domicile prior to incarceration.  It appears that the defendants reside or are domiciled in Connecticut.  Thus, the court cannot determine whether diversity exists between the plaintiff and defendants.

III. Conclusion

For the reasons stated above, the Complaint [**Doc. #1**] is **DISMISSED** without prejudice.  See 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).  It is certified that any appeal in forma pauperis from this order would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a).  The Clerk is directed to enter judgment for the defendants and close this case.

If the plaintiff seeks to pursue a claim of negligence or medical malpractice against the defendants and can allege facts against the defendants upon which diversity jurisdiction may be based pursuant to 28 U.S.C. § 1332, she may file a motion to

6

reopen accompanied by an amended complaint within **thirty days** of the date of this order.

SO ORDERED this  29  day of May 2007, at New Haven, Connecticut.

>     /s/
> Peter C. Dorsey
> United States District Judge